**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BILLIE J. MANCELL,

      Plaintiff - Appellant,

v.

JOHN M. MCHUGH,
Secretary of the Army,

      Defendant - Appellee.

No. 15-2079
(D.C. No. 2:13-CV-00417-KG-SMV)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

    Billie J. Mancell appeals from the district court's grant of summary judgment

to the Secretary of the Army on her claims of gender discrimination and retaliation in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

*Background*

Beginning in 2005, Ms. Mancell was a civilian employee of the Army, working first as a security guard and then as a lead security guard at White Sands Missile Range in New Mexico. As a condition of her employment, she had to pass an annual Physical Ability Test (PAT) in accordance with Army Regulation (AR) 190-56. In 2009, the PAT was revised to include two elements, a minimum number of push-ups and a timed 1.5 mile run.

On February 4, 2010, and April 30, 2010, Ms. Mancell failed the PAT. She was able to do the push-ups, but she could not complete the run in the required time. In June, her supervisor proposed her removal from service because she had not passed the PAT. In September, the decisionmaker, Donald Morrison, opted to allow her to take a third PAT before he decided whether to remove her. Before Ms. Mancell could take the third PAT, however, she suffered a hernia. She had surgery in December. While she was undergoing treatment and recovery, the command structure was realigned, and Donald Knox became the decisionmaker regarding her removal. During this time, pursuant to AR 190-56, Ms. Mancell's medical restrictions exempted her from taking the PAT.

Ms. Mancell was medically cleared for all duties in April 2011, and her supervisor scheduled the third PAT for July 25. He allowed her to leave work an hour early each day to train for the test. Ms. Mancell passed the push-up requirement, but she injured her knee on the first lap and did not complete the run.

Mr. Knox believed that AR 190-56 required a security guard who had been cleared of a temporary medical restriction to pass the PAT within ninety days of medical clearance. He informed Ms. Mancell that the July 2011 PAT counted as a failure, notwithstanding her injury. She objected, offering her own interpretation of AR 190-56 and also asserting that a male co-worker had been given a chance that she was not given. Before making a final decision, Mr. Knox consulted with the Army's subject matter expert (SME) on AR 190-56. The SME opined that Mr. Knox's interpretation of the regulation was correct.

On August 10, 2011, Mr. Knox removed Ms. Mancell from federal service for failing the February and April 2010 and the July 2011 PATs. Believing that she had been treated differently than male co-workers, and that the removal was in retaliation for discrimination charges she had filed earlier, Ms. Mancell exhausted her administrative remedies, then she filed this Title VII suit.

The district court granted the Army's motion for summary judgment. Applying the familiar three-step burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), the district court held that Ms. Mancell had established a prima facie case of gender discrimination and the Army had offered a legitimate, non-discriminatory reason for the removal—Ms. Mancell's failures to pass three consecutive PATs. But Ms. Mancell failed to proffer sufficient evidence that the Army's reason was pretext for discrimination. On the retaliation claim, Ms. Mancell relied on the same evidence she supplied for her discrimination claim to support causation (as part of her prima facie case) and pretext. The district court held

3

that her proffer was insufficient for the same reasons as discussed in connection with the discrimination claim. Ms. Mancell now appeals.

## *Discussion*

"We review a grant of summary judgment de novo, applying the same legal standard as the district court. Summary judgment is appropriate only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1265 (10th Cir. 2015) (citation omitted) (quoting Fed. R. Civ. P. 56(a)). Because our review is de novo, we need not address Ms. Mancell's assertion that the district court used an incorrect standard to evaluate her evidence. *See Rivera v. City & Cty. of Denver*, 365 F.3d 912, 920 (10th Cir. 2004).

## I.     Discrimination Claim

Once Ms. Mancell established a prima facie case of gender discrimination, and the Army proffered a legitimate, non-discriminatory reason for removing her, then to avoid summary judgment Ms. Mancell had to proffer sufficient evidence for a reasonable jury to conclude that the Army's proffered reason was pretext for discrimination. *See Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1113 (10th Cir. 2007). "An employee may show pretext based on weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's claimed legitimate, non-discriminatory reason such that a rational trier of fact could find the reason unworthy of belief." *Id.* (internal quotation marks omitted).

Ms. Mancell argues that the following evidence is sufficient for a rational jury to find pretext: (1) the Army contravened AR 190-56 by not honoring her medical restrictions from the injury that occurred during the July 2011 PAT; (2) she was given only a minimal time to recuperate from surgery and prepare for the PAT; and (3) she was treated differently from two male co-workers.

Ms. Mancell's first argument concerns the interpretation of AR 190-56. She asserts that her July 25, 2011, injury should have exempted her from the testing requirement until she recovered, and then she should have been given another chance to pass the PAT. She believes that the Army's interpretation of the regulation is wrong: "the policy exempting employees from PAT if they are medically restricted should also apply to an employee injured during a PAT. . . . While there is no exact policy stating a PAT is invalid if an employee was injured during the test, it certainly would seem to be implied." Aplt. Br. at 24.

But "[t]he relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs." *Rivera*, 365 F.3d at 924-25 (brackets and internal quotation marks omitted); *see also Timmerman*, 483 F.3d at 1120 (same). "We will not second-guess an employer's business judgment or replace its opinion of best practices with either an employee's opinion or our own." *Bennett*, 792 F.3d at 1268. "Thus, we consider the facts as they appeared to the person making the decision, and we do not second-guess the employer's decision even if it seems in hindsight that the action taken constituted poor business judgment." *Riggs v. AirTran Airways, Inc.*,

497 F.3d 1108, 1119 (10th Cir. 2007). That means it is not our task to decide how AR 190-56 should be interpreted, but simply to determine whether a reasonable jury could find that Mr. Knox's professed reliance on his interpretation was pretext for discrimination. And even if Mr. Knox actually interpreted AR 190-56 incorrectly, nothing in the record indicates he did not honestly believe his understanding of the regulation and did not act on that understanding in good faith. He went so far as to confirm his understanding by consulting with the SME, who opined that he was correct. Consequently, this argument fails to carry Ms. Mancell's burden regarding pretext.

Ms. Mancell's second argument is that she was given only the minimum time to recuperate from surgery and take the PAT. The timing of the test, however, was consistent with the Army's interpretation of AR 190-56, and there is no evidence that Ms. Mancell's supervisor did not honestly believe that he was acting in accordance with the regulation. Also, as the district court recognized, Ms. Mancell admitted that she was physically ready to take the test and asserted that she would have passed if she had not been injured.

Ms. Mancell's third argument is that she was treated differently from two similarly situated male co-workers. "A plaintiff seeking to show pretext often does so by providing evidence that [s]he was treated differently from other similarly-situated employees who violated work rules of comparable seriousness." *Timmerman*, 483 F.3d at 1120 (internal quotation marks omitted). "Similarly situated employees are those who deal with the same supervisor and are subject to the same

6

standards governing performance evaluation and discipline." *Id.* (internal quotation marks omitted).

Ms. Mancell argues that two male co-workers were either not required to take a PAT or were given a longer time to prepare and take the PAT after being medically cleared. For the reasons discussed by the district court, however, we conclude that those two co-workers were not substantially similar to Ms. Mancell.

Ms. Mancell also asserts that "there were an unusual number of supervisors at Plaintiff's PAT test which was to intimidate Plaintiff." Aplt. Br. at 23. But she testified in her deposition that the spectators did not cause her to fail the PAT, and as the district court noted, the number of supervisors does not tend to show that the Army's explanation for the removal is pretext for discrimination.

Finally, Ms. Mancell points to a male co-worker's affidavit testifying that she was treated differently and was ostracized by her supervisor. The district court held that the affidavit in question presented mere conclusory allegations and conjecture that were not supported in the record, and therefore it was insufficient to show pretext. We agree. It is well established that "[s]uch conclusory allegations— lacking evidentiary support in the record—do not suffice to create a genuine question as to whether the [employer's] work-related reasons for [plaintiff's] termination were a pretext for discrimination." *Salguero v. City of Clovis*, 366 F.3d 1168, 1178 (10th Cir. 2004).

## II. Retaliation Claim

"[T]o establish a prima facie case of retaliation, an employee must show that: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action." *Timmerman*, 483 F.3d at 1122-23 (internal quotation marks omitted). As with the discrimination claim, the employer then must proffer a legitimate, non-discriminatory reason for the adverse action, and the employee must demonstrate that the proffered reason is pretextual. *See id.* at 1123. The court may consider evidence tending to establish the weakness of a proffered non-discriminatory reason not only in the pretext stage of a retaliation claim, but also in connection with establishing causation as part of a prima facie case. *See Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1209 (10th Cir. 2007).

Ms. Mancell filed discrimination charges in 2006 and 2009, and her employment was terminated in 2011. These gaps are too long to support an inference of retaliatory motive. *See id.* (holding that a four-month time period does not support an inference of retaliatory motive). Therefore, Ms. Mancell must present additional evidence to establish causation. *See id.* She points to the same evidence that she presented in connection with her discrimination claim. For the reasons discussed above, this evidence is insufficient for a reasonable jury to conclude that the Army's proffered reason for removing her from federal service was caused by her earlier claim of discrimination or that it was pretext for retaliation.

## *Conclusion*

The district court's judgment is affirmed.

Entered for the Court

Jerome A. Holmes
Circuit Judge